IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE GOPON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6768 |
| | ) | |
| vs. | ) | Judge Holderman |
| | ) | |
| CITIGROUP HEALTH BENEFIT PLAN, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITIGROUP HEALTH BENEFIT
PLAN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Citigroup Health Benefit Plan ("Defendant" or the "Plan"), for its answer to the Complaint filed by Plaintiff Julie Gopon ("Gopon"), states as follows:

**Jurisdiction and Venue**

1.  Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group health benefit plan administered for the benefit of employees of Citigroup, Inc. ("Citigroup"), including retirees.

    **ANSWER:** Admitted.

2.  The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

    **ANSWER:** Admitted.

      3.    Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

**ANSWER:** Admitted.

### Nature of Action

      4.    This is a claim seeking an award to Plaintiff of health benefits pursuant to a group health care plan for employees of Citigroup, including retirees (a true and correct copy of the most recent summary plan description available to plaintiff (Dated January 1, 2006) is attached hereto and by that reference incorporated herein as Exhibit "A"). This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 11132(a)(1)(B)).

**ANSWER:** Admitted that plaintiff purports to bring this action to recover benefits pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 11132(a)(1)(B)). Admitted that plaintiff has attached to her complaint portions of the summary plan description dated January 1, 2006.

### The Parties

      5.    The Plaintiff, Julie Gopon ("Gopon") (DOB 8/xx/43), is and was a resident of Highland Park, Illinois at all times relevant hereto. At all times relevant hereto, Plaintiff has been an insured beneficiary of an employee welfare benefit plan maintained by Citigroup.

**ANSWER:** Upon information and belief, admitted.

      6.    The Defendant, Citigroup Health Benefit Plan ("Plan"), is a comprehensive medical benefit plan provided by Citigroup to its employees, including retirees such as Gene Gopon, the plaintiff's spouse who became a Citigroup retiree when his prior employer, Associates First Capital, was acquired by Citigroup. The plan administrator is identified in the summary plan description as the Plans Administration Committee. At all times relevant hereto, the Plan was engaged in the business of administering health and welfare benefits within the Northern District of Illinois.

      **ANSWER:**   Defendant admits that it is a health benefit plan provided to certain employees of Citigroup, that plaintiff is covered by the plan, and that the Plans Administration Committee is the plan administrator. Otherwise denied.

      7.   At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her husband's prior employment with Citigroup, Gopon received coverage under the Plan as a "beneficiary" as defined by 29 U.S.C. § 1002(8). This claim relates to benefits under the foregoing Plan.

      **ANSWER:**   As to the first sentence, admitted. As to the second sentence, Defendant admits that plaintiff purports to be seeking benefits that she believes are covered by the plan.

### Statement of Facts

      8.   Gopon has been diagnosed with Hepatitis C (HCV), a virus which affects the functioning of the liver. Gopon's treating physician, Dr. Jeffrey Glass, a specialist in diseases of the liver, prescribed the medications Pegasys and Copegus to treat her condition. Those medications have significantly lowered the HCV viral load in Gopon's liver, and Dr. Glass has continued to prescribe that treatment to suppress the virus and prevent the progression of liver damage.

      **ANSWER:**   Admitted that plaintiff has provided the Plan with documents indicated that Dr. Jeffrey Glass diagnosed Gopon with Hepatitis C, prescribed Pegasys and Copegus to treat her condition, and that Dr. Glass believed that it reduced her viral load. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph of the complaint.

      9.   The Plan's Prescription Drug Program is managed by Express Scripts, Inc. ("Express Scripts").

      **ANSWER:**   Admitted.

10. Express Scripts initially approved coverage for Pegasys and Copegus, but in September 2007 denied coverage for a refill of the medications despite their efficacy. Express Scripts' stated reason for the denial was that the medications were "not covered for maintenance therapy" pursuant to the Plan's summary plan description (SPD). Express Scripts failed to identify what specific provisions of the SPD supported its determination.

**ANSWER:** Defendant admits that Express Scripts initially covered plaintiff's prescriptions for the specified drugs, but denied coverage in September 2007. As to the second sentence, admitted. As to the third sentence, denied. Defendant denies any remaining allegations of this paragraph.

11. Gopon appealed the denial, and supported her appeal with a report from Dr. Glass stating Gopon continues to require the medication to treat her condition and is in danger of an exacerbation of her symptoms due to HCV if the medication is not provided.

**ANSWER:** Defendant admits that plaintiff appealed the denial of coverage, and submitted a letter from Dr. Glass as part of her appeal, but denies that the letter stated that continued use of the drugs in question were required or put her in danger of an exacerbation of her symptoms. Otherwise denied.

12. Express Scripts referred Gopon's appeal to MCMC LLC ("MCMC") for review. On September 29, 2007, MCMC notified Gopon of its decision to uphold the denial of coverage. MCMC stated an entirely different reason for the denial than the one previously stated. MCMC stated the medications were "not medically necessary." MCMC did not identify what provisions of the Plan supported its denial or whether it even had the correct Plan document.

**ANSWER:** As to the first sentence, admitted. As to the second sentence, on September 29, 2007, MCMC sent plaintiff a notification that her first level appeal had been denied. As to the third sentence, denied. As to the fourth sentence, Citigroup admits that MCMC stated, among other reasons for the denial, that the medications were not medically

4

necessary. As to the fifth sentence, Defendant admits that the appeal denied letter did not identify the specific page of the SPD on which its determination was based.

   13. MCMC further advised Gopon that it had consulted with and received a report from Dr. Dunzendorfer, dated September 29, 2007. Dr. Dunzendorfer did not examine Gopon, did not have access to or request Gopon's complete medical records, and did not consult with her treating physician in preparing his report. Contrary to the opinion of Gopon's treating physician, Dr. Dunzendorfer opined that Gopon should no longer receive the medications because they did not reduce the viral road to zero, notwithstanding that the medications had proven results in significantly reducing the viral load in her liver. MCMC's consultant also opined that the medications should be withheld until additional liver damage had occurred which could lead to the necessity of a liver transplant.

   **ANSWER:** Defendant admits that Dr. Dunzendorfer consulted with and provided a report to MCMC. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the assertion that Dr. Dunzendorfer did not have access to Gopon's complete medical records and therefore denies the same. Defendant admits that Dr. Dunzendorfer did not examine plaintiff directly or consult directly with plaintiff's physician. Otherwise denied.

   14. Despite repeated requests, MCMC has failed to provide Gopon with information about Dr. Dunzendorfer's medical qualifications.

   **ANSWER:** Denied.

   15. In response to requests by Gopon as to what provisions of the Plan it based its decision on, MCMC issued an addendum to its decision dated October 23, 2007. In its addendum, MCMC referred to page 20 of the Citigroup Summary Plan Description (SPD). MCMC also sent Gopon a copy of an SPD dated January 1, 2006. However, page 20 of the SPD provided to Gopon (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "B") contains no language relevant to prescription drug coverage under the Plan. Despite repeated requests, MCMC has continually failed to provide Gopon with a current SPD or assure Gopon that it based its decision on the current SPD.

**ANSWER:**   Defendant admits that MCMC issued an addendum to its decision on October 23, 2007 and referenced page 20 of the Summary Plan Description (SPD). Defendant also admits that MCMC sent plaintiff an SPD. Defendant denies, however, that page 20 contains no language relevant to Gopon's claim, as page 20 provides a definition of "medically necessary." Otherwise denied.

16. On October 23, Gopon appealed the denial a second time, and submitted additional medical records supporting her ongoing need for Pegasys and Copegus.

**ANSWER:**   Defendant admits that on October 23, 2007, plaintiff submitted a second level appeal and submitted various medical records that she asserted indicated her continued need for Pegasys and Copegus. Otherwise denied.

17. Despite this additional information, MCMC again upheld its decision to deny coverage on October 31, 2007, stating that the medications constituted maintenance therapy and were "not medically necessary." MCMC again failed to identify what specific provisions of the plan supported its decision, nor does the plan exclude maintenance therapy.

**ANSWER:**   Defendant admits that, on October 31, 2007, MCMC sent a notification to plaintiff indicating that it had denied plaintiff's second level appeal, and in that notification, advised plaintiff that the medications were not medically necessary and constituted maintenance therapy. Defendant admits that the October 31, 2007 determination letter did not refer to a specific plan provision. Otherwise denied.

18. MCMC based its decision on the October 31, 2007 report of Dr. Vinayek, another doctor who did not examine Gopon or have access to her complete medical files. MCMC stated in its decision that Dr. Vinayek spoke to Gopon's treating physician, Dr. Glass; however, Dr. Glass has denied speaking about Gopon's case with anyone from MCMC.

**ANSWER:** Defendant admits that, as part of the process leading to the October 31, 2007 determination, MCMC records indicate that Dr. Rakesh Vinayek ("Dr. Vinayek") submitted a report concluding that the medication was not medically necessary and instead constituted maintenance therapy. Defendant also admits that Dr. Vinayek did not directly examine plaintiff and that MCMC's denial notification stated that Dr. Vinayek had a discussion with Dr. Glass. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Dr. Glass has denied speaking with MCMC. Additionally, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the assertion that Dr. Vinayek did not have access to Gopon's complete medical records.

19.     Gopon has repeatedly requested information about the names and medical qualifications of all individuals involved in the denial of her prescription drug benefits. Despite these repeated requests, MCMC has failed to provide this information.

**ANSWER:** Defendant admits that its records indicated plaintiff has asked for further information about the credentials of Drs. Dunzendorfer and Vinayek. Defendant denies the remaining allegations of this paragraph.

20.     Gopon has repeatedly requested information about the specific policy provisions upon which her claim was denied. Despite these repeated requests, MCMC has failed to provide accurate information about what SPD it used and what specific provision supports its denial.

**ANSWER:** Defendant admits that plaintiff has requested that MCMC identify the specific provisions of the SPD upon which the denials were based. Defendant denies the remaining allegations of this paragraph.

21. MCMC's internal documents relating to Gopon's claim also indicate the incorrect Social Security number for the claimant and also reference a different tissue type than that of the claimant, casting further doubt on the reliability of its review of her claim.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore denies the same.

22. The Code of Federal Regulations, 29 C.F.R. § 2560.503-1(g), requires that claim denials contain the specific reasons for the denial, specific reference to pertinent plan provisions on which the denial is based, a description of any additional material or information necessary for the claimant to perfect the claim, and an explanation of why such material or information is necessary. Despite such requirements, Express Scripts and MCMC have failed to provide this required information.

**ANSWER:** Defendant admits that 29 C.F.R. § 2560.503-1(g) contains certain specifications for claim denials, but states that the regulation speaks for itself. Otherwise denied.

23. The ERISA statute, at 29 U.S.C. § 1133, requires adequate notice of denial of benefits as well as an opportunity for a full and fair review of the denial. Based on MCMC's actions, Gopon has been denied a full and fair review of her claim.

**ANSWER:** Defendant admits that 29 U.S.C. § 1133 sets forth certain requirements for denials of benefits, but states that the statute speaks for itself. Defendant denies the remaining allegations of this paragraph.

24. As a direct and proximate result of the foregoing, based on the evidence submitted to Express Scripts and MCMC establishing that Gopon does require prescription drugs, she is entitled to benefits under the Plan that would cover the costs of these medications.

**ANSWER:** Denied.

## SEPARATE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

8

2. Some or all of Plaintiff's claims may relate to the conduct of third parties who are not parties to this action. Defendant reserves the right to implead such parties at a later date.

3. Plaintiff's claim is defective because she fails to demonstrate that she suffered any actionable damages.

WHEREFORE, Defendant requests that the Court enter an Order;

1. Entering judgment in favor of Defendant and against Plaintiff;

2. Dismissing the Complaint with prejudice; and

3. Granting such other relief as it deems just and proper.

Respectfully Submitted,

CITIGROUP HEALTH BENEFIT PLAN

By: _____s/ Mark B. Blocker\_\_\_
One of its Attorneys

Mark B. Blocker
Erika N.L. Harold
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: February 29, 2008

## CERTIFICATE OF SERVICE

Mark B. Blocker, an attorney, hereby certifies that he has caused a copy of the foregoing **DEFENDANT CITIGROUP HEALTH BENEFIT PLAN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** to be served on counsel listed below electronically on this 29th day of February:

>Mark D. DeBofsky
>Daley, DeBofsky & Bryant
>55 W. Monroe St., Suite 2440
>Chicago, Illinois 60602
>(312) 372-5200
>Fax (312) 372-2778

>s/ Mark B. Blocker
>Mark B. Blocker

CH1 4169056v.1